# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2006

130106

DAIMLERCHRYSLER CORPORATION,
          Petitioner-Appellant,

v

MICHIGAN DEPARTMENT OF
TREASURY,
          Respondent-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130106
COA: 262518
MTT: 295872

On November 14, 2006, the Court heard oral argument on the application for leave to appeal the November 1, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., concurs and states as follows:

Petitioner conceded at oral argument that nothing in the record demonstrates that it has used motor fuel to test its vehicles. Moreover, the record does not indicate that petitioner incorporated motor fuel into its vehicles before they became a part of its "finished goods inventory storage" under MCL 205.54t(7)(a). In light of these facts, petitioner has failed, in my judgment, to show that it qualifies as either a "bulk end user" under MCL 207.1002(f) or an "industrial end user" under now-repealed MCL 207.1003(o), and therefore has failed to show that it qualifies as an "end user" under MCL 207.1033 and MCL 207.1039. As a consequence, I agree with the Court of Appeals that under the instant circumstances petitioner is not entitled to a refund of the motor fuel tax under MCL 207.1032.

CAVANAGH, J., dissents and states as follows:

I dissent from the majority's decision to deny leave to appeal because this case concerns a matter of first impression that is jurisprudentially significant to the taxpayers of this state. I would reverse the judgment of the Court of Appeals and hold that, in

accordance with the clear intent of the Legislature, petitioner is entitled to a refund because the fuel it purchased was not used for vehicles destined to be driven on Michigan roads, and nothing in the act requires a different conclusion.

KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2006

Clerk